# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 15, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| JULIE NICHOLSON, | * | |
| | * | |
| Petitioner, | * | No. 17-1416V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.
*Debra A. Filteau Begley,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 3, 2017, Petitioner Julie Nicholson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*. (the "Vaccine Act" or "Program")[2] alleging that she suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccine she received on October 3, 2016. (Pet. at 2, ECF No. 1). After Petitioner filed a joint status report requesting a ruling on the record, the undersigned issued a decision dismissing the petition for insufficient proof on September 22, 2022. (ECF No. 61).

On January 25, 2023, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 64). ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $78,469.02, (representing $65,801.30 in attorneys' fees and $12,667.72 in attorneys' costs). Fees App. at 1 – 2. Pursuant to General Order No. 9, counsel for Petitioner represents that she has not personally

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

incurred any costs related to the prosecution of her petition. *Id.* at 2. Respondent did not file a response to Petitioner's motion.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned finds that the claim possessed good faith and reasonable basis while it was pending before the Court and notes that Respondent has also indicated in his response that he is satisfied both have been met as well. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel: For Mr. Isaiah Kalinowski, $358 per hour for work performed in 2017, $369 per hour for work performed in 2018, $383 per hour for work performed in 2019, $400 per hour for work performed in 2020 and $430 per hour for work performed in 2022. Fees. Mtn. at Ex. 1 at 24. Mr. Kalinowski relocated from mctlaw to Bosson Law Group in 2022 and requested the same rate of $430 per hour for time billed in 2022.  The requested rates for all years have been previously awarded and the undersigned finds these rates to be reasonable and shall award them herein.

   **b.  Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

"excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $65,801.30.

   c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,667.72 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Naveed Natanzi. The undersigned finds these costs to be reasonable and shall fully reimburse them.

**II.   Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $65,801.30 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$65,801.30** |
| | |
| Attorneys' Costs Requested | $12,667.72 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$12,667.72** |
| | |
| **Total Amount Awarded** | **$78,469.02** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $2,473.50, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Isaiah Kalinowski; and**

2) **a lump sum in the amount of $75,995.52, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her former**

**law firm, mctlaw, to be forwarded to 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).